IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES C. WINDING**                                                                                        **PLAINTIFF**

**v.**                                                                                                                                     **No. 4:25CV14-RP**

**LYNN FITCH, ET AL.**                                                                                   **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTIONS [11], [15] TO WITHDRAW
CONSENT TO MAGISTRATE JUDGE JURISDICTION**

This matter comes before the court on the plaintiff's motions [11], [15] to withdraw Consent [4] to Magistrate Judge jurisdiction. For the reasons set forth below, the instant motions [11], [15] will be denied.

Withdrawing consent to the magistrate judge, once given, is more onerous than withholding it to begin with. "[T]here is no absolute right to withdraw a validly given consent to trial before a magistrate." *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). Motions to withdraw consent to proceed before a magistrate may be granted only upon a showing of good cause or extraordinary circumstances, the "determination of which is committed to the court's sound discretion." *Id.* (citations omitted); *Johnson v. Hines*, No. 93-7076, 1994 WL 16464057, at *3 (5th Cir. Sept. 15, 1994). When considering such a motion, "a court should consider a variety of factors," including: (1) undue delay; (2) inconvenience to the court and witnesses; (3) prejudice to the parties; (4) whether the movant is appearing pro se; (5) whether the movant's consent was voluntary and uncoerced; (6) "whether the motion is made in good faith or is dilatory and contrived"; (7) any possible bias or prejudice on the magistrate judge's part; and (8) "whether the interests of justice would best be served by holding a party to his consent." *Carter*, 816 F.2d at 1021 (citations omitted).

In this case, the plaintiff argues that the court's adverse ruling denying pauper status evinces bias against him – making the court part of a conspiracy against him. Mr. Winding has filed well over 100 *pro se* prisoner cases, has "struck out" many times over under the Prison Litigation Reform Act "three strikes" provision, and has been fined by the Fifth Circuit Court of Appeals and other courts for filing meritless suits, appeals, and allegations that he faces imminent danger.[1,2] In the instant case, this court found [6] that Winding had "struck out" – that he did not face imminent danger – and, thus, that his request for pauper status should be denied. Given Mr. Winding's long history of filing frivolous suits and false claims of imminent danger, these rulings are unsurprising, and his allegations of bias on the part of this court are without merit.

Adverse rulings are commonplace in essentially all cases, and Winding has a lengthy history of filing frivolous cases and motions. He has shown neither good cause nor extraordinary circumstances to warrant withdrawing his consent to Magistrate Judge jurisdiction. As such, the instant motions [11], [15] are **DENIED**.

**SO ORDERED**, this, the 10th day of February, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* 28 U.S.C. § 1915(g) (if three or more of the plaintiff's prior suits were dismissed as frivolous, malicious, or for failure to state a valid claim, then he may not proceed as a pauper in the present case).

[2] Our sister court, the United States District Court for the Southern District of Mississippi, provided a lengthy, yet incomplete, list of Mr. Winding's multitudinous meritless cases. *See Winding v. Williams*, No. 3:18CV736-CWR-FKB, Order [7] (S.D. Miss., Nov. 1, 2018) (collecting cases) (noting that "Winding has, on at least 109 prior occasions, brought civil actions in a court of the United States.") The Southern District has borne the brunt of Winding's paper onslaught. He has also "struck out" many times over. *See Winding v. GEO Grp., Inc.*, 405 F.App'x 938, 940 (5th Cir. 2010); *Winding v. Thaggard*, No. 4:09CV134-DPJ-FKB (S.D. Miss. Mar. 17, 2010); *Winding v. Owens*, No. 5:08CV158-DCB-MTP (S.D. Miss. Apr. 24, 2008). He has also frivolously invoked the imminent danger exception to the "three strikes" rule of the PLRA. *See Winding v. Buscher*, No. 3:14CV270-DPJ-FKB, Order [7] (S.D. Miss. May 6, 2014).