IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES C. WINDING**      **PLAINTIFF**

v.      No. 4:25CV14-RP

**LYNN FITCH, ET AL.**      **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [5]
TO FIND IMMINENT DANGER**

This matter comes before the court on the plaintiff's motion [5] for the court to find that he is in imminent danger and may thus proceed as a pauper in this case despite having "struck out" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). The "three strikes" provision reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plaintiff has accumulated "strikes" under 28 U.S.C. § 1915(g) in the following cases: *Winding v. GEO Grp., Inc.*, 405 F. App'x 938, 940 (5th Cir. 2010) (frivolous appeal); *Winding v. Thaggard*, No. 4:09-cv-134-DPJ-FKB (S.D. Miss. Mar. 17, 2010); *Winding v. Owens*, No. 5:08-cv-158-DCB-MTP (S.D. Miss. Apr. 24, 2008); *Winding v. Buscher*, No. 3:14-cv-270-DPJ-FKB, Order [7] at 1, n.1 (S.D. Miss. May 6, 2014)) ("Even though he accumulated his three-strikes bar in 2010, since that time Winding has filed more than 50 cases in this Court requesting pauper status.")

To meet the exception to the prepayment requirement of 28 U.S.C. § 1915, a prisoner who has accrued three "strikes" must make specific, credible allegations of imminent danger. *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011). If a defendant contests a plaintiff's claims of imminent danger, the court must determine the allegations' credibility, either

by relying on affidavits or depositions or by holding a hearing. *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). A nexus must exist between the imminent danger a three-strikes prisoner alleges to obtain pauper status and the legal claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009). The statute requires that the inmate's complaint seeks to redress an imminent danger of serious physical injury – and that this danger must be fairly traceable to a constitutional violation alleged in the complaint. *Id.*

In the present case, as in many previous cases, Winding argues that the nature of his conviction (a sex offender) leaves him vulnerable to attack by other inmates – and that he has been attacked on previous occasions. *See, generally*, Doc. 5. Winding has not made specific, credible allegations of imminent danger; nor has he shown a nexus between his allegations of danger and the allegations in his complaint. Neither has he shown that he faced imminent danger at the time he filed suit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (stating that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.") For these reasons, the plaintiff has not shown that he was "under imminent danger of serious physical injury" at the time he filed suit; he cannot overcome the "three strikes" provision of the PLRA, and the court properly denied [6] his motion to proceed as a pauper. The instant motion [5] to find that the plaintiff faced imminent danger of serious physical injury when he filed the instant suit is **DENIED**.

**SO ORDERED**, this, the 11th day of February, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE